1 | DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

3 | HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

4 | MOLLY A. SMOLEN (CABN 293328)
Assistant United States Attorney

5

6 |     450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6747

7 | FAX: (415) 436-6779
molly.smolen@usdoj.gov

8

9 | Attorneys for United States of America

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | OAKLAND DIVISION

13 | UNITED STATES OF AMERICA,              )   CASE NO. 19-CR-655-HSG-12
                                           )
14 |          Plaintiff,                    )   STIPULATION AND ORDER SETTING
                                           )   CHANGE OF PLEA AND SENTENCING
15 |     v.                                 )   DATE; EXCLUSION OF TIME
                                           )
16 | TERESA GUZMAN-RODRIGUEZ,               )
          a/k/a "Mono" a/k/a "Monos,"       )
17 |                                        )
             Defendant.                     )
18 |                                        )
                                           )
19 | _____)

20 |     IT IS HEREBY STIPULATED by and between the parties to this matter shall be set for a

21 | combined change of plea and sentencing hearing on May 5, 2021, at 10:00 a.m.  The parties are prepared

22 | to set a sooner change of plea date, however, given the current health crisis and shelter-in-place orders

23 | due to COVID-19, counsel understand that it is the Court's preference to hold both the change of plea

24 | and the sentencing on the same date.  Therefore, the parties respectfully request that the Court set a

25 | combined change of plea and sentencing hearing on May 5, 2021, at 10:00 a.m.

26 |     IT IS FURTHER STIPULATED that the time from December 3, 2020, through May 5, 2021,

27 | should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) on the basis

28

Stip & P Order Setting Change Of Plea And Sentencing Date; Excluding
Time                                    1
19-CR-655-HSG-12

1   that the ends of justice served by the continuance outweigh the best interests of the public and defendant

2   in a speedy trial, and failing to exclude time from December 3, 2020, through May 5, 2021, would deny

3   counsel the reasonable time necessary for effective preparation, taking into account the exercise of due

4   diligence.

5         Time should also be excluded pursuant to General Order 72, providing guidance to the parties

6   during the COVID-19 pandemic and specifically noting the Court's reduced ability to obtain an adequate

7   spectrum of jurors and the effect of public health recommendations on the availability of counsel and

8   court staff to be present in the courtroom.  The Court therefore ordered that the time period of

9   continuances is appropriately excluded under the Speedy Trial Act because the ends of justice served by

10   ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial

11   pursuant to 18 U.S.C. § 3161(h)(7)(A).

12         SO STIPULATED, AGREED, AND RESPECTFULLY REQUESTED:

13

14   DATED:  December 3, 2020             DAVID L. ANDERSON
                                   United States Attorney

15

16                                       */s/ Molly A. Smolen*
                                   MOLLY A. SMOLEN

17                                      Assistant United States Attorney

18   DATED:  December 3, 2020

19

20                                       */s/ Bruce Funk*
                                   BRUCE FUNK
                                   Attorney for Defendant

21

22

23                                  **ORDER**

24         Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that a combined change of plea

25   and sentencing hearing is set for May 5, 2021, at 10:00 a.m.

26         Based upon the representations of counsel and for good cause shown, the Court finds that failing

27   to exclude the time from December 3, 2020, through May 5, 2021, would deny counsel the reasonable

28

1  time necessary for effective preparation, taking into account the exercise of due diligence.  The Court

2  further finds that the ends of justice served by excluding the time from December 3, 2020, through May

3  5, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the

4  defendant in a speedy trial.  Furthermore, as discussed in the Court's General Order 72, the country's

5  public health interest in stemming the spread of COVID-19, the Court's reduced ability to obtain an

6  adequate spectrum of jurors, and the effect of public health recommendations on the availability of

7  counsel and court staff to be present in the courtroom, outweighs the interest of the "public and the

8  defendant in a speedy trial."  § 31671(h)(7)(A).  Therefore, IT IS FURTHER ORDERED that the time

9  from December 3, 2020, through May 5, 2021, shall be excluded from computation under the Speedy

10  Trial Act.  18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

11          IT IS SO ORDERED.

12

13  DATED:  12/11/2020

14

15  HON. HAYWOOD S. GILLIAM, JR.
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28